## ELLIOTT v. THE CITY OF PHILADELPHIA.

The City of Philadelphia is not responsible for the negligence of its police officers while engaged in the enforcement of a city ordinance.

Elliott v. the City, 7 Phila. Rep. 128, Thayer, J., affirmed.

**Error to the District Court of Philadelphia.**

The case below was an action brought by William B. Elliott, plaintiff in error, against the city of Philadelphia, defendant in error, for the recovery of the value of a horse, the property of the plaintiff in error.

The circumstances were these :

The servant of the plaintiff in error, in February, 1869, was driving the latter's horse along Broad street, in the city of Philadelphia, when he was arrested by certain police officers of the city for alleged furious and reckless driving, and taken before an alderman for the purpose of hearing the case. The horse and wagon were at the same time taken by the police officers to the office of the alderman, and while the case was being heard, the horse, which had been left in charge of a boy by the police officers, ran away, jumping into the Delaware river at Shackamaxon street wharf, and was drowned.

The demurrer to the plaintiff's declaration alleging "no cause of action," was sustained by the court below. The opinion, which was delivered by his honor, Judge Thayer, is reported in 7 Philada. R. 128.

Plaintiff in error thereupon sued out this writ of error, and the case was argued in January Term, 1873, and the judgment of the court below sustained by an equally divided court.

The case was re-argued in January Term, and the following was the opinion of the court.

Opinion delivered March 9, 1874, by

AGNEW C. J. The opinion by Judge Thayer is such an ample discussion of the question in this case that it is unnecessary to do more than affirm the judgment upon it. The case is distinguishable entirely from that of the City v. Gilmartin, 21 P. F. S 140. It was decided upon the ground of agency, and it was therein expressly said : "Thus a mere statement of the facts discloses the relation of principal and agent in reference to the city water works, and not that of ordinary corporation officers per-

forming merely municipal functions." This is plainly the distinction between the two cases, the police officers in the present case having acted merely in their official character when arresting the plaintiff for a breach of the peace. In the United States *v.* Hart, 1 Peters' C. C. R. 390, Judge Washington held, that driving a mail stage at a furious rate through the streets of Philadelphia, was a breach of the peace, and that, notwithstanding the act of congress against stopping the mails, a constable was authorized at common law, without a warrant, to prevent the peace from being broken, by arresting the driver.

Judgment affirmed.